**IN THE COURT OF APPEALS OF IOWA**

No. 16-1512
Filed October 26, 2016

**IN THE INTEREST OF J.A.,**
**Minor child,**

**J.R., Mother,**
          Appellant.

_____

Appeal from the Iowa District Court for Webster County, Angela L. Doyle,

District Associate Judge.

A mother appeals from the order terminating her parental rights in her

child. **AFFIRMED.**

Douglas E. Cook of Cook Law Office, Jewell, for appellant mother.

Thomas J. Miller, Attorney General, and Janet L. Hoffman, Assistant

Attorney General, for appellee State.

Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge.**

A mother, Jane, appeals from the order terminating her parental rights in her child, J.A. The district court terminated Jane's parental rights pursuant to Iowa Code section 232.116(1)(e), (h), and (*l*) (2015). The standard of review and controlling framework are well-established and need not be repeated herein. *See, e.g.*, *In re M.W.*, 876 N.W.2d 212, 219–20 (Iowa 2016) (stating review is de novo and setting forth the applicable "three-step analysis"); *In re A.M.*, 843 N.W.2d 100, 110–11 (Iowa 2014) (same).

On appeal, Jane concedes the grounds for termination have been met. We nonetheless seek to satisfy ourselves the State has met its burden on this point. *See Santosky v. Kramer*, 455 U.S. 745, 759 (1982) ("A parent's interest in the accuracy and justice of the decision to terminate his or her parental status is . . . a commanding one."). On our independent review of the record, we consider section 232.116(1)(h). *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012) ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record."). As relevant here, the State was required to prove J.A. could not be returned to the mother's custody "at the present time." Iowa Code § 232.116(1)(h)(4). "At the present time" means at the time of the termination hearing. *See A.M.*, 843 N.W.2d at 111. The child cannot be returned to the parent's care if the child would remain in need of assistance or would be at risk of adjudicatory harm. *See In re R.R.K.*, 544 N.W.2d 274, 277 (Iowa Ct. App. 1995), *overruled on other grounds by In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010).

On de novo review, we conclude clear and convincing evidence supports termination of Jane's rights pursuant to section 232.116(1)(h). Jane has a long history of involvement with the Iowa Department of Human Services ("IDHS"). J.A. tested positive for methamphetamine at birth. Jane has been a long-time user of methamphetamine. IDHS has been aware of her drug use throughout this case and has repeatedly tested Jane for methamphetamine. Some of those tests have been positive, and some have been negative; however, Jane has admitted tampering with the tests to produce negative results. This tampering has included procuring clean urine to use in urine tests and using chemicals on her hair to evade hair stat tests. Jane has completed several treatment programs for substance abuse and was enrolled in another inpatient treatment program at the time of the termination hearing. She has, however, relapsed after each course of treatment. Jane has also sold methamphetamine from her home. In 2016, law enforcement conducted several controlled buys from Jane at her residence. A law enforcement official testified at the termination hearing that Jane would be indicted in the near future and could face imprisonment for 120 months. Based on this and other evidence, we conclude this child could not be returned to Jane's care at the present time.

Jane contends the juvenile court should have granted her an additional six months' time to work toward reunification. Such additional time shall not be granted unless the juvenile court specifically finds the basis for the need for removal of the child will no longer exist at the end of the six-month period. *See* Iowa Code § 232.104(2)(b). There is little likelihood Jane's issues precipitating J.A.'s removal will no longer exist in six months. She has failed to address her

substance-abuse issues over the course of several years of IDHS involvement, and she now faces an impending criminal indictment for methamphetamine distribution.

Jane also contends the closeness of her relationship with J.A. should serve to preclude termination. Section 232.116(3)(c) provides the court may avoid termination if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." The factor is permissive, and the court may use its discretion in deciding whether to apply the factor to continue the parent-child relationship. *See A.M.*, 843 N.W.2d at 113. Our consideration is not merely whether there is a parent-child bond, "our consideration must center on whether the child would be disadvantaged by termination, and whether the disadvantage overcomes" Jane's inability to provide for J.A.'s developing needs. *See D.W.*, 791 N.W.2d 703, 709 (Iowa 2010). Like the juvenile court, we decline to exercise the permissive exception to termination of the mother's rights.

Our paramount concern, as always, is this child's best interest. *See In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990). Jane contends termination is not in J.A.'s best interest, but we cannot agree. Jane's substance abuse has interfered with her ability to parent this child successfully. She has shown an inability to correct that behavior over several years. She is now allegedly involved in the business of selling drugs. That endeavor may be short-lived, but only because lengthy imprisonment may intervene and not because of any voluntary repentance. She has evinced paranoid behavior, which may be an effect of her drug use or may be related to her dangerous decision to begin dealing

methamphetamine from her personal residence.  In any event, paranoia is not conducive to a safe and stable home environment for a child.  *See In re K.F.*, 437 N.W.2d 559, 563–64 (Iowa 1989); *In re S.N.*, No. 16-0244, 2016 WL 1359132, at *1–2 (Iowa Ct. App. Apr. 6, 2016).  We find termination is in this child's best interest.

We conclude the State established by clear and convincing evidence termination of Jane's rights was authorized pursuant to section 232.116(1)(h), termination of parental rights was in J.A.'s best interest, and no countervailing considerations weighed in favor of continuing the parental relationship.  We affirm the judgment of the district court.

**AFFIRMED.**